**NOT FOR PUBLICATION**

MAY 20 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PENDAR FAZELI,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>BANK OF AMERICA, NA, a Corporation, AKA Bank of America Corporation,<br><br>          Defendant - Appellee. | No. 11-56375<br><br>D.C. No. 8:10-cv-00541-AG-AN<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 9, 2013
Pasadena, California

Before: WARDLAW and MURGUIA, Circuit Judges, and RESTANI, Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Pendar Fazeli appeals the district court's grant of summary judgment in favor of Bank of America. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that Fazeli failed to establish a prima facie case of retaliation under California Government Code § 12940(h) because he did not provide adequate probative evidence of a causal link between his termination and his protected activity. *See, e.g.*, *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (applying the burden-shifting framework from *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), to retaliation claims brought under Cal. Gov't Code § 12940(h)). While the time between Fazeli's protected act and his termination was less than three months, the surrounding circumstances do not suggest a causal link between Fazeli's filing of a sexual harassment complaint and his termination.[1] *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1003 (9th Cir. 2009) (noting that we have "made clear that 'a specified time period cannot be a mechanically applied criterion,' and have cautioned against analyzing temporal proximity 'without regard to its factual

---

[1]Fazeli's argument that the district court required him to "rebut" the Bank's proffered reasons for his termination in the prima facie stage also lacks merit. The district court properly considered the surrounding factual circumstances and concluded that the short time period, taken in context, did not create an inference of causation.

2

setting.'") (quoting *Coszalter v. City of Salem*, 320 F.3d 968, 977–78 (9th Cir. 2003)). After Fazeli filed his complaint, the Bank undertook a reasonably thorough investigation of his claim and ultimately fired the alleged harasser, who was his subordinate. During the investigation, as well, Fazeli admitted his own bad judgment in allowing the subordinate to sleep at his home. The district court correctly concluded that, in light of the Bank's conduct, it would be unreasonable to infer that it would then turn around and fire Fazeli for making this complaint. Because Fazeli failed to adduce any other evidence of causation, he failed to make out a prima facie case of retaliation.

The district court also correctly concluded that even if Fazeli had established a prima facie case of retaliation, he failed to put forward either direct evidence or "specific and substantial" circumstantial evidence that the Bank's proffered legitimate reasons for his termination were pretextual. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). In light of Fazeli's decision not to fire his subordinate when she threatened to go public with her allegations against him, the Bank's explanation that it fired Fazeli because of a "conflict of interest" is not "so implausible as to be unworthy of credence." *Norris v. City and Cnty. of San Francisco*, 900 F.2d 1326, 1330 (9th Cir. 1990). Nor is the Bank's explanation that Fazeli breached its investigation's confidentiality by asking his

3

coworkers about events related to the investigation "unworthy of credence." *Id*. Whether the Bank correctly interpreted its Code of Ethics or its confidentiality policy is irrelevant if it "honestly believed its reason[s] for its actions," even if those reasons were "foolish or trivial or even baseless." *Villiarimo*, 281 F.3d at 1063 (internal quotation marks and citation omitted).

**AFFIRMED.**